132 F.3d 422
 28 Envtl. L. Rep. 20,503
 UNITED STATES of America, Plaintiff-Appellee,
Flanders Electric Motor Service, Inc., Intervenor Plaintiff-Appellant,
Liberty Motor and Machinery Company, Intervenor Plaintiff,
Bradford Electric Company; Roy G. Letourneau Company; John
Benson Electric Company; Cotter Electric Company; Chicago
Electric Company; Delta-Y Electric Company; Whitfield
Electric; Power Equipment Company; Cardinal Electric;
Electrical Apparatus Service Association, Intervenor
Plaintiff-Appellants,
v.
UNION ELECTRIC COMPANY, Defendant-Appellee,
A.P. Green Ind., Inc.; ARA Services, Inc.; Absorbent Clay
Products, Inc.; Acme Electric Co., Inc.; Allied-Signal,
Inc.; Aluminum Company of America; American Charcoal
Company; American Family Broadcast; Anna-Jonesboro Water
Commission; Ariens Company, Defendants,
Vernon Bagwell; Barry Electric Cooperative; Barton County
Electric Cooperative, Defendants-Appellees,
Beazer East, Inc.; Belcher Electric, Inc.; Black River
Electric Cooperative, Defendants,
BOC Group, Inc., Defendant-Appellee,
Boone Electric Cooperative; Bridgestone/Firestone, Inc.;
Brown & Root, Inc.; Bull Moose Tube Company;
Burlington Northern Railroad Company, Defendants,
Central Illinois Public Service Company, Defendant-Appellee,
Chase Resorts, Inc., Defendant,
Chevron Chemical Company; Citizens Electric Corporation;
Citizens Utilities Company, Defendants-Appellees,
City of Cairo; City of Carmi, IL; City of Casey, IL; City
of Charleston, MO; City of Farmington, Defendants,
City of Fredericktown, MO, Defendant-Appellee,
City of Higginsville; City of Houston, MO, Defendants,
City of Jackson, Missouri, Defendant-Appellee,
City of Jacksonville, IL; Jefferson City, Missouri; City
of Madisonville, KY; City of Owensville, MO; City of
Richmond; City of St. James; City of Salem; City of
Seymour; City of Shelbina, MO, Defendants,
City of Sikeston, Defendant-Appellee,
City of Steeleville, MO; City of Thayer, MO; Clinton
County Electric Cooperative, Inc.; Columbia
Quarry Company; Consolidated Aluminum
Corporation, Defendants,
Costain Coal, Inc., Defendant-Appellee,
Damson Oil Corporation; Daviess- Martin County REMC;
Decatur Industrial Electric, Inc; Marjorie H. Deimund;
Delmarva Power & Light Company; Dow Chemical Co.; Dugger
Electric Equipment Company; East Perry Lumber Co., Defendants,
E.I. Du Pont de Nemours and Company, Defendant-Appellee,
Electric Plant Bd., doing business as City of Mayfield, KY;
Electric Supply Co., Inc.; Esselte Pendaflex
Corporation; Essex Group, Inc., Defendants,
Evansville Electric and Mfg. Co., Inc.; Farmers' Electric
Cooperative, Inc.; Florida Power Corporation,
Defendants-Appellees,
Florida Rock Industries, Inc.; Fulton Cty. REMC; General
Cable Corp.; General Electric Company; General Iron &
Salvage Co., Inc.; Gold Fields American Corporation;
Gunther-Nash Mining Construction Co.; H-J Enterprises,
Inc., Defendants,
Hancock County REMC, Defendant-Appellee,
Hancock-Wood Electric Cooperative, Inc.; Harris Truck &
Trailer Sales, Inc.; Himmelberger Harrison Co., Inc.;
Geraldine F. Hirsch; James F. Hirsch; Oscar C. Hirsch;
Robert O. Hirsch; Housing Authority, of Johnson County;
Howell-Oregon Electric Coop., Inc.; ITT Federal Services
Corporation, formerly known as Federal Electric Corporation;
Independent Electric Machinery Company; Ingram Barge
Company; Inerlake Packaging Company; Jader Fuel Co., Inc.;
Jefferson Smurfit Corporation; John Smith Contracting Co.,
Inc.; KBOA, Inc., Defendants,
KAGMO Electric Motor Co.; Kaiser Aluminum & Chemical
Corporation, Defendants-Appellees,
Klein Armature Works, Inc.; Koerner Electric Motors of
Indiana, Inc.; Kopf Electric Motor Service, Inc.; L.E.
Myers Co. Group; Logan County Cooperative Power and Light
Association, Inc.; Lowry Electric Company; MFA
Incorporated, Defendants,
M.J.M. Electric Cooperative, Inc., Defendant-Appellee,
Magnetek, Inc., Defendant,
Marathon Oil Co., Defendant-Appellee,
McCarthy Brothers Company, Defendant,
Menard Electric Cooperative, Defendant-Appellee,
Midwest Electric, Inc.; Millstone Construction Company,
doing business as Knobel-Redman Construction
Company, Defendants,
Mississippi Lime Company, Defendant-Appellee,
Missouri Barge Line Company; Missouri Dry Dock & Repair
Company, Inc.; Missouri Portland Cement; Mobil
Oil Corporation, Defendants,
Morgan County REMC; Defendant-Appellee,
Mt. Carmel Public Utility Company; NL Industries, Inc., Defendants,
New England Power Service Company, Defendants-Appellees,
NEW-MAC Electric Cooperative, Inc., Defendant-Appellees,
North Central Missouri Electric Coop.; Otis Elevator
Company; PSI Energy, formerly known as Public Service
Company of Indiana, Inc., Inc.; Paragould Light & Water
Commission; Paul Oberman & Co.; Peabody Coal Co., Defendants,
Pemiscot-Dunklin Electric Coop., Defendant-Appellee,
PET Incorporated; Phillips Petroleum Company, Defendants,
Pittsburgh and Midway Coal Mining Co., Defendant-Appellee,
Plibrico Company; Pulaski County Housing Authority;
Purolator Products NA, also known as Purolator
Products Company, Inc.; Quicy Soybean
Co., Defendants,
Ralston Purina Company, Defendant-Appellee,
Rathje Enterprises, Inc., Defendant,
Richards Electric Motor Company, Defendant-Appellee,
Rural Electric Convenience Coop. Co.; S.D.I. Operating
Partners L.P., doing business as Phillips &
Company; SAC Osage Electric
Cooperative, Inc., Defendants,
Sachs Electric Company; St. Joe Minerals Corporation,
Defendants-Appellees,
St. Louis Steel Casting, Inc.; St. Louis University; Sam
Tanksley Trucking Co.; Sandner Electric;
Scott-New Madrid-Mississippi Electric
Coop., Defendants,
Siemens Energy & Automation, Inc.; Southern Illinois
Electric Coop., Defendants-Appellees,
Southern Illinois Materials Company; State of Missouri,
Department of Mental Health Southeast Missouri Mental Health
Center; State of Missouri, Southeast Missouri State
University; Steuben County REMC; Sullivan Electric
Company, Defendants,
Swanson-Nunn Electric Co., Inc., Defendant-Appellee,
Teamsters Local Union, No. 688, Insurance & Welfare Fund;
Texas Eastern Products Pipeline Company; Texas Eastern
Transmission Corporation; Textron, Inc.; Tipmont Rural
Electric Membership Corporation, Defendants,
Toastmaster, Inc., Defendant-Appellee,
Town of Paragon; Tucson Electric Power Company; Union
County Hospital District; Chester R. Upham, Jr.;
Vaughn Electric Company, Inc., Defendants,
Wayne County REMC; Wayne-White Counties Electric
Cooperative, Defendants-Appellees,
Webster County Coal Cooperative; West Lake Quarry and
Material Company; Westinghouse Electric Corporation;
Westvaco Corporation; Wetterau Incorporated; Whirlpool
Corporation; Zeller Electric, Inc., Defendants,
City of Cabool, Defendant-Appellee,
City of Campbell; City of Malden Board of Public Works, Defendants.
STATE OF MISSOURI, Plaintiff-Appellee,
Flanders Electric Motor Service, Intervenor Plaintiff-Appellant,
Liberty Motor and Machinery Company, Intervenor Plaintiff,
Bradford Electric Company; Mt. Vernon Electric Motor
Service, Inc.; Roy G. Letourneau Company; John Benson
Electric Company; Cotter Electric Company; Chicago
Electric Company; Delta-Y Electric; Whitfield Electric;
Power Equipment Company; Cardinal Electric; Electrical
Apparatus Service Association, Intervenor Plaintiff-Appellants,
v.
UNION ELECTRIC COMPANY, Defendant-Appellee,
A.P. Green Ind., Inc.; ARA Services, Inc.; Absorbent Clay
Products, Inc.; Acme Electric Co., Inc.; Allied-Signal,
Inc.; Aluminum Company of America; American Charcoal
Company; American Family Broadcast Group; Anna- Jonesboro
Water Commission; Ariens Company, Defendants,
Vernon Bagwell; Barry Electric Cooperative; Barton County
Electric Cooperative, Defendants-Appellees,
Beazer East, Inc.; Belcher Electric, Inc.; Black River
Electric Cooperative, Defendants,
BOC Group, Inc., Defendant-Appellee,
Boone Electric Cooperative; Bridgestone/Firestone, Inc.;
Brown & Root, Inc.; Bull Moose Tube Company;
Burlington Northern Railroad Company, Defendants,
Central Illinois Public Service Company, Defendant-Appellee,
Chase Resorts, Inc., Defendant,
Chevron Chemical Company; Citizens Electric Corporation;
Citizens Utilities Company, Defendants-Appellees,
City of Cairo, Acting by and through Cairo Public Utility
Commission; City of Carmi, Illinois; City of
Casey, Illinois; City of Charleston,
Missouri; City of Farmington,
Defendants,
City of Fredericktown, MO, Defendant-Appellee,
City of Higginsville; City of Houston, MO, Defendants,
City of Jackson, MO, Defendant-Appellee,
City of Jacksonville, IL; Jefferson City, Missouri; City
of Madisonville, Kentucky; City of Owensville, MO; City of
Richmond; City of St. James; City of Salem; City of
Seymour; City of Shelbina, Missouri, Defendants,
City of Sikeston, Defendant-Appellee,
City of Steeleville, Missouri; City of Thayer, Missouri;
Clinton County Electric Cooperative, Inc.; Columbia Quarry
Company, doing business as Charles Stone Co.; Consolidated
Aluminum Corporation, Defendants,
Costain Coal, Inc., Defendant-Appellee,
Damson Oil Corporation; Daviess- Martin County REMC;
Decatur Industrial Electric, Inc.; Marjorie H. Deimund;
Delmarva Power & Light Company; Dow Chemical Co.; Dugger
Electric Equipment Company; East Perry Lumber Co., Defendants,
E.I. Du Pont de Nemours and Company, Defendant-Appellee,
Electric Plant Bd., doing business as Mayfield Electric &
Water Systems, City of Mayfield, Kentucky;
Electric Supply Co., Inc.; Esselte
Pendaflex Corporation; Essex
Group, Inc., Defendants,
Evansville Electric and Mfg. Co., Inc.; Farmers' Electric
Cooperative, Inc.; Florida Power Corporation,
Defendants-Appellees,
Florida Rock Industries, Inc.; Fulton Cty. REMC; General
Cable Corp.; General Electric Company; General Iron &
Salvage Co.; Gold Fields American Corporation;
Gunther-Nash Mining Construction Co.; H-J Enterprises,
Inc., Defendants,
Hancock County REMC, Defendant-Appellee,
Hancock-Wood Electric Cooperative, Inc.; Harris Truck &
Trailer Sales, Inc.; Himmelberger Harrison Co., Inc.;
Geraldine F. Hirsch; James F. Hirsch; Oscar C. Hirsch;
Robert O. Hirsch; Housing Authority, of Johnson County;
Howell-Oregon Electric Coop., Inc.; ITT Federal Services
Corporation, formerly known as Federal Electric Corporation;
Independent Electric Machinery Company; Ingram Barge
Company; Inerlake Packaging Company; Jader Fuel Co., Inc.;
Jefferson Smurfit Corporation; John Smith Contracting Co.,
Inc.; KBOA, Inc., Defendants,
KAGMO Electric Motor Co.; Kaiser Aluminum & Chemical
Corporation, Defendants-Appellees,
Klein Armature Works, Inc.; Koerner Electric Motors of
Indiana, Inc.; Kopf Electric Motor Service, Inc.; The L.E.
Myers Co. Group; Logan County Cooperative Power and Light
Association; Lowry Electric Company; MFA Incorporated, Defendants,
M.J.M. Electric Cooperative, Inc., Defendant-Appellee,
Magnetek, Inc., Defendant,
Marathon Oil Co., Defendant-Appellee,
McCarthy Brothers Company, Defendant,
Menard Electric Cooperative, Defendant-Appellee,
Midwest Electric, Inc.; Millstone Construction Company,
doing business as Knobel-Redman Construction
Company, Defendants,
Mississippi Lime Company, Defendant-Appellee,
Missouri Barge Line Company; Missouri Dry Dock & Repair
Company; Missouri Portland Cement; Mobil Oil
Corporation, Defendants,
Morgan County REMC; Defendant-Appellee,
Mt. Carmel Public Utility Company; NL Industries, Inc., Defendants,
New England Power Service Company; NEW-MAC Electric
Cooperative, Inc., Defendants-Appellees,
North Central Missouri Electric Coop.; Otis Elevator
Company; PSI Energy, formerly known as Public Service
Company of Indiana, Inc., Inc.; Paragould Light & Water
Commission; Paul Oberman & Co.; Peabody Coal Co., Defendants,
Pemiscot-Dunklin Electric Coop., Defendant-Appellee,
PET Incorporated; Phillips Petroleum Company, Defendants,
Pittsburgh and Midway Coal Mining Co., Defendant-Appellee,
Plibrico Company; Pulaski County Housing Authority;
Purolator Products NA, also known as Purolator
Products Company, Inc.; Quicy Soybean
Co., Defendants,
Ralston Purina Company, Defendant-Appellee,
Rathje Enterprises, Inc., Defendants,
Richards Electric Motor Company, Defendant-Appellee,
Rural Electric Convenience Coop. Co.; S.D.I. Operating
Partners L.P., doing business as Phillips &
Company; SAC Osage Electric
Cooperative, Inc., Defendants,
Sachs Electric Company; St. Joe Minerals Corporation,
Defendants-Appellees,
St. Louis Steel Casting, Inc.; St. Louis University; Sam
Tanksley Trucking Co.; Sandner Electric Co.;
Scott-New Madrid-Mississippi Electric
Coop.; Defendants,
Siemens Energy & Automation, Inc.; Southern Illinois
Electric Coop., Defendants-Appellees,
Southern Illinois Materials Company; Missouri Department of
Mental Health; Southeast Missouri Mental Health Center;
Southeast Missouri State University; Steuben County REMC;
Sullivan Electric Company, Defendants,
Swanson-Nunn Electric Co., Defendant-Appellee,
Teamsters Local Union, No. 688; Texas Eastern Products
Pipeline Company; Texas Eastern Transmission
Corporation; Textron, Inc.; Tipmont
Rural Electric Membership
Corporation, Defendants,
Toastmaster, Inc., Defendant-Appellee,
Town of Paragon; Tucson Electric Power Company; Union
County Hospital District; Chester R. Upham, Jr.;
Vaughn Electric Company, Inc., Defendants,
Wayne County REMC; Wayne-White Counties Electric
Cooperative, Defendants-Appellees,
Webster County Coal Cooperative; West Lake Quarry and
Material Company; Westinghouse Electric Corporation;
Westvaco Corporation; Wetterau Incorporated; Whirlpool
Corporation; Zeller Electric, Inc., Defendants,
City of Cabool, Defendant-Appellee,
City of Campbell; City of Malden Board of Public Works, Defendants.
 No. 96-3653.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 11, 1997.
Decided Dec. 23, 1997.
 
 Bruce D. Ryder, St. Louis, MO, argued (Joseph G. Nassif and Linda W. Tape, on the brief), for appellant.
 Andrew C. Mergen, Department of Justice, Washington, DC, argued (John A. Bryston, Elizabeth L. Loeb, David Hoefer, and Alexander Schmandt, on the brief), for plaintiff-appellee U.S.
 Shelley A. Woods, on the brief, for plaintiff-appellee State of Missouri.
 Thomas B. Weaver, argued (George M. von Stamwitz, and Norella V. Huggins, on the brief), for defendant-appellee Union Electric Co.
 Before BOWMAN, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 FLOYD R. GIBSON, Circuit Judge.
 
 
 1
 The United States initiated this action pursuant to sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607 (1994), against 179 potentially responsible parties ("PRPs"), seeking injunctive relief and the recovery of cleanup costs for the Missouri Electrical Works Site ("MEW Site") in Cape Girardeau, Missouri.[1]
 
 
 2
 This case involves the question of whether the district court abused its discretion when it approved a Consent Decree which required certain PRPs, who agreed to settle with the government, to pay some of the MEW Site cleanup costs. A group of non-settling PRPs ("Intervenors") filed a motion to intervene in the case. After we reversed the district court's initial denial of the motion to intervene, see United States v. Union Elec. Co., 64 F.3d 1152, 1170-71 (8th Cir.1995) ("Union Electric I "), rev'g, 863 F.Supp. 1001 (E.D.Mo.1994), the district court granted the motion, see United States v. Union Elec. Co., 934 F.Supp. 324, 326 (E.D.Mo.1996) ("Union Electric II "). The Intervenors challenged the fairness of the Consent Decree and requested that the district court hold an evidentiary hearing on the issue. The district court denied the request for an evidentiary hearing, see id., and determined that the Consent Decree was procedurally and substantively fair, and was consistent with CERCLA, see id. at 327-32. The Intervenors appeal claiming the district court abused its discretion when it refused their request for an evidentiary hearing. The Intervenors also contend that the district court abused its discretion when it determined that the Consent Decree was procedurally and substantively fair. Because we conclude that the district court[2] did not abuse its discretion, we affirm.
 
 I. BACKGROUND
 
 3
 The following summary of facts is largely taken from the district court's published Order and Memorandum. See Union Electric II, 934 F.Supp. at 326-27. In June of 1992, the government filed suit against 179 PRPs for injunctive relief and the recovery of cleanup costs for the MEW Site. The MEW Site was owned at all relevant times by Missouri Electrical Works, Inc. ("MEW"), an electrical equipment sale and repair shop located near Cape Girardeau, Missouri. Since 1953, MEW has repaired or scrapped more than 16,000 transformers at the MEW Site. The total amount of transformer oil that was not recycled during MEW's operation is estimated at 28,000 gallons. Solvents, hazardous chemicals, and electrical equipment, including thousands of transformers containing oil contaminated with polychlorinated biphenyl ("PCB"), apparently were disposed of at the MEW Site.
 
 
 4
 The Environmental Protection Agency ("EPA") began to investigate the MEW Site in the mid-1980s and discovered that the soil, and possibly groundwater, was contaminated. In 1988, the EPA and a group of PRPs formed the Missouri Electric Works Steering Committee ("MEWSC") to conduct a remedial investigation and feasibility study at the MEW Site. From 1988-91, the EPA sent general notices to all PRPs and special notice letters inviting PRPs to participate in settlement negotiations. MEWSC also sent letters to invite participation in negotiations and to keep all PRPs informed of its activities. The negotiations involving the federal government, the State of Missouri, and MEWSC resulted in the Consent Decree. The EPA sent a copy of the decree to all PRPs and invited comments and suggestions. The PRPs were given an opportunity to object to the ultimate settlement package.
 
 
 5
 The Intervenors are service shop owners and their trade association. The Intervenors either sold transformers directly to MEW for resale, sold transformers to third parties who resold them to MEW, or sent transformers owned by others to MEW for repair. The Intervenors object to the entry of the Consent Decree.
 
 
 6
 The Consent Decree generally requires that, subject to oversight by the EPA, the settling PRPs (1) design and implement specific remedial action for the soil contamination and operate and maintain the MEW Site consistent with such action; (2) perform a groundwater design investigation; and (3) reimburse certain future and past response costs incurred by the government. See Intervenors' App. at 1016-17.
 
 
 7
 The settling PRPs also agree to establish and maintain financial security in the amount of $17.6 million as well as a trust fund to assure completion of the work. See id. at 1045, 1047. Settling PRPs must pay for all costs but will be reimbursed by the government for twenty percent of some costs incurred in the design and construction of the remedial action, the groundwater design investigation, and additional response actions that are necessary to achieve certain performance standards. See id. at 1049. Additionally, special provisions in the Consent Decree apply to settling federal agencies and various de minimis settling defendants. See id. at 1088-89, 1094, 1104. The de minimis settling defendants each contributed less than four-tenths of one percent of the hazardous substances to the MEW Site. See id. at 1008.
 
 
 8
 MEWSC developed a cost allocation formula to determine the liability of all parties to the settlement. See id. at 1315. Basically, the formula makes liability volumetrically proportional to the amount of oil contained in types of electrical equipment at the MEW Site. See id. at 1318. An individual PRP's share of the liability is dependent upon that PRP's relationship to the various equipment at the MEW Site. See id. The district court approved the Consent Decree after determining it was fair, reasonable, and consistent with CERCLA.
 
 
 9
 On appeal, the Intervenors claim the district court abused its discretion when it determined the Consent Decree was procedurally and substantively fair. The Intervenors also challenge the district court's denial of their request to hold an evidentiary hearing on the matter. After reviewing the district court's judgment for an abuse of discretion, we affirm.
 
 II. DISCUSSION
 
 10
 The Intervenors claim that the district court abused its discretion when it determined that the Consent Decree was procedurally and substantively fair. Specifically, the Intervenors assert that the district court's failure to consider their interests when determining whether the allocation formula was fair effectively denied them their contribution rights. See Union Electric I, 64 F.3d at 1166-67 (holding that Intervenors' contribution rights under 42 U.S.C. § 9613(f)(1) created a legally protectable interest sufficient to trigger the right to intervene). We approach this appeal noting that when Congress amended CERCLA in 1986, it created rights of contribution among responsible parties. See 42 U.S.C. § 9613(f)(1) (1994). CERCLA specifically provides that parties who agree to settle with the EPA will be free from the contribution actions of other responsible parties. See id. § 9613(f)(2). The provision encourages parties to settle possible claims with the EPA. See H.R.Rep. No. 99-253, pt. I, at 80 (1985), reprinted in 1986 U.S.C.C.A.N. 2835, 2862; see generally United States v. Cannons Eng'g Corp., 899 F.2d 79, 91-92 (1st Cir.1990).
 
 
 11
 As the appellate court, we approach our task mindful that "a district court's approval of a consent decree in CERCLA litigation is encased in a double layer of swaddling." Cannons, 899 F.2d at 84. First, we must consider the EPA's expertise in these issues. See id. Second, we note that it is within the district court's "informed" discretion to evaluate proposed consent decrees. See id. Unless the district court abuses this discretion, we will not upset its findings on appeal. See id.; United States v. Hercules, 961 F.2d 796, 800 (8th Cir.1992). The district court is required to review a proposed consent decree for fairness, reasonableness, and consistency with CERCLA. See United States v. Metropolitan St. Louis Sewer Dist., 952 F.2d 1040, 1044 (8th Cir.1992); Cannons, 899 F.2d at 86-90.
 
 
 12
 Applying these standards of review, we conclude that the district court did not abuse its discretion when it approved the Consent Decree. The Intervenors are particularly concerned with the allocation formula which is appended to the Consent Decree. The Intervenors claim that because the formula does not fairly apportion liability among the parties, the Intervenors were prevented from joining the Consent Decree. We understand the Intervenors' concern; however, the district court found, see Union Electric II, 934 F.Supp. at 331, and we agree, that the Intervenors are not bound by the allocation formula. They are free to negotiate a separate settlement agreement with the EPA who, at least at the time of oral argument in the case, remained open to such a possibility. Similarly, in the event that the government brings future action against Intervenors seeking recovery of costs associated with cleaning up the MEW Site, the Intervenors will not be bound by the allocation formula and will be free, at that time, to contest their liability and their share of liability. The district court considered the overall allocation of liability in the Consent Decree and determined that it was fair. See id. We cannot, after our review, conclude that the district court abused its discretion in making this determination. The district court's published opinion thoroughly discusses the Consent Decree's fairness, reasonableness, and consistency with CERCLA, see id. at 327-32, and we have nothing more to add regarding these issues.
 
 
 13
 The Intervenors also claim that the district court erred in refusing their request for an evidentiary hearing. "[I]t is within the sound discretion of the trial court to decide whether an evidentiary hearing is necessary before ruling on a proposed consent decree." Metropolitan St. Louis, 952 F.2d at 1044. The district court did not abuse its discretion in denying Intervenors' request to hold an evidentiary hearing in this matter. The Intervenors had ample opportunity to file objections to the Proposed Consent Decree. "Their right to intervene in this action ... does not grant the [I]ntervenors an unconditional right to an evidentiary hearing." Id.
 
 III. CONCLUSION
 
 14
 For the reasons set forth in this opinion, we affirm the judgment of the district court.
 
 
 
 [1]
 The State of Missouri filed an identical suit less than one month later, and the two cases were consolidated
 
 
 [2]
 The HONORABLE GEORGE F. GUNN, JR., Senior United States District Judge for the Eastern District of Missouri